# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| TEA GARDEN OF RATTAN, INC., )<br>        Plaintiff, )<br>v. )<br>  )<br>UNITED STATES OF AMERICA, U.S. )<br>SMALL BUSINESS ADMINISTRATION, )<br>BEAL BANK FSB, ANDREW BEAL, LPP )<br>MORTGAGE LTD., and PROPERTY )<br>ACCEPTANCE CORP. )<br>        Defendants. )<br>_____)<br>LPP MORTGAGE LTD., )<br>        Counterclaimant, )<br>v. )<br>  )<br>TEA GARDEN OF RATTAN, INC. and )<br>JEAN CHI CHU, )<br>        Counterclaim Defendants. )<br>  )<br>THE UNITED STATE OF AMERICA and )<br>U.S. SMALL BUSINESS )<br>ADMINISTRATION )<br>        Counterclaimants )<br>  )<br>v. )<br>  )<br>TEA GARDEN OF RATTAN, INC. )<br>        Counterclaim Defendant, )<br>JEAN CHI CHU )<br>        Cross-Claim Defendant, )<br>INFEE COVELL and PAUL COVELL )<br>        Third-Party Defendants. )<br>_____) | CIVIL NO. 2000/175 |

## MEMORANDUM OPINION

Finch, J.

      THIS MATTER comes before the Court on the Motion for Relief from the 2/14/06 Settlement Agreement Because of Fraud, Mistake, Duress, or Unconscionability filed by Tea

Garden of Rattan, Inc. [hereinafter "Tea Garden"]. LPP Mortgage, LTD. [hereinafter "LPP"] and the United States and United States Small Business Administration [collective, hereinafter "the SBA"] oppose such motion.

**I.    Background**

In late 1996, Tea Garden obtained a loan from the SBA in the amount of $660,400. In August 2000, LPP acquired the loan from the SBA. On November 28, 2000, Tea Garden brought this suit against the SBA, LPP and others. On April 9, 2001, LPP counterclaimed for debt and foreclosure against Tea Garden, joining Jean Chi Chu , a joint obligor of Tea Garden , and Ki Kim, a guarantor of the loan. SBA subsequently counterclaimed against Tea Garden, Chu, Paul Covell, Esq., counsel for Tea Garden, and Infee Covell, for fraud and violation of the False Claims Act.

On February 14, 2006, Magistrate Judge Cannon conducted a settlement conference in this case. At the outset of the settlement conference, Ki Kim and LPP announced that they had reached a settlement of LPP's claims against Kim on her guaranty. The terms of such agreement were not disclosed.

With the assistance of the Magistrate Judge, LPP, SBA, Paul Covell, Esq., Infee Covell, Chu, and Kim entered into a handwritten Settlement Agreement which reads in its entirety:

1. Tea Garden and Chiu will stipulate to judgment of foreclosure for full amount of debt [and] atty fees, stipulation to be executed by February 17, 2006. Stipulation to be prepared by LPP Mortgage. Judgment in the approximate amount of $1,345,000.00.

2. LPP will accept $800,000 from Chiu [and] Tea Garden (without setoff of sums paid by Ki Kim) if paid on or before May 15, 2006. Payment to be made by wiring funds to:

>   Federal Home Loan Bank of Dallas
>   ABA # 111040195 credit to Bank
>   acct 49802, Attn Loan Payoff Dept.
>   loan #228007578, Loan name Tea Garden of Rattan.

3. If $800 not paid by May 15, 2006, LPP shall have execution of the stipulated judgment w/o further order of the Court, and may seek a deficiency judgment against Tea Garden [and] Chiu.

4. Tea Garden, Chiu [and] Covells will, by February 17, 2006, execute full release of all other parties, their agents, employees, attorneys & principals, etc. and will dismiss all of their claims with prejudice. Additionally, by Feb. 17, 2006, they will dismiss their appeal of the order appointing receiver with prejudice.

5. SBA will dismiss counterclaims against Tea Garden, Chiu [and] Covell, with prejudice. Ki Kim will withdraw her motion for Rule 11 sanctions with prejudice.

6. If $800,000 not paid by May 15, 2006, the Receiver shall forthwith take possession of the property [and] Covell, Tea Garden, [and] Chiu will surrender possession.

Chu paid $800,000 to LPP in accordance with the terms of the Settlement Agreement.

Tea Garden, however, now seeks relief from the Settlement Agreement on various grounds.

**II.   Analysis**

Tea Garden's primary concern is that it ultimately may become liable for the amount of money that Kim agreed to pay LPP in settlement, which Tea Garden believes to be $560,000. Tea Garden states that if it had known of this potential liability, it would not have entered into the Settlement Agreement. In other words, Tea Garden claims that it made a mistake.

A mistake of one party may make a contract voidable:

> Where a mistake of one party at the time a contract was made as to a basic assumption on which he made the contract has a material effect on the agreed exchange of performances that is adverse to him, the contract is voidable by him if

>he does not bear the risk of the mistake under the rule stated in § 154, and (a) the effect of the mistake is such that enforcement of the contract would be unconscionable, or (b) the other party had reason to know of the mistake or his fault caused the mistake.

Restatement (Second) of Contracts § 153.[1]

For the Settlement Agreement to be voidable, a basic assumption upon which Tea Garden relied must be erroneous. According to Tea Garden, it understood that, if it paid LPP, $800,000 it would have no further liability.[2] Tea Garden asserts that this basis assumption was wrong, because it is likely to have to reimburse Kim for the amount she paid to LPP. LPP agrees with Tea Garden, that Kim has a potential indemnity claim against Tea Garden. SBA, similarly, states that Kim has subrogation rights against Tea Garden.

To determine whether Tea Garden made a mistake, the Court must briefly delve into the law of indemnity. It seems that Kim entered into an agreement with LPP without Tea Garden's consent and that any payment that Kim made to LPP did not benefit Tea Garden. Assuming, without deciding, that Virgin Islands' law would apply in an action between Kim and Tea Garden based on Kim's guaranty, it is unlikely that Kim would succeed in compelling Tea Garden to reimburse her under these circumstances.

"Where a surety who has undertaken his obligation without consent of the principal

---

[1] The Court applies the law of the Virgin Islands in determining whether the Settlement Agreement is voidable. See Wilcher v. City of Wilmington, 139 F.3d 366, 372 (3d Cir. 1998). The legal precepts as established in the various Restatements of Law apply in the Virgin Islands. 1 V.I.C. § 4.

[2] The Court considers the negotiations that occurred at the time that the Settlement Agreement was formed as evidence of Tea Garden's understanding. Restatement (Second) of Contracts § 214(d) provides that "[a]greements and negotiations prior to or contemporaneous with the adoption of a writing are admissible in evidence to establish . . . illegality, fraud, duress, mistake, lack of consideration, or other invalidating cause."

4

makes a payment or otherwise performs on account of the principal, it is the duty of the principal to reimburse the surety to the extent that the principal has been unjustly enriched." Restatement (First) of Security § 104(a). The commentary to this section further explains: " The principal's duty to reimburse the surety arises whenever the surety's payment or the transfer of his property to the creditor has the effect of discharging or reducing the duty of the principal." Id., cmt b.

From the facts known to the Court, it is not clear that Kim's payment had any effect on the amount that Tea Garden paid to settle this matter with LPP. Since Tea Garden received no obvious benefit from Kim's payment, the Court is hard put to comprehend why Tea Garden would have to reimburse Kim. Thus, the Court cannot find that Tea Garden's basic assumption that it would be relieved of any further liability on the SBA Note by the payment of $800,000 is definitely wrong. Therefore, Tea Garden's mistake defense fails to relieve Tea Garden from the Settlement Agreement.

Because it is not probable that Tea Garden will be held liable to indemnify Kim, the Settlement Agreement also is not unconscionable. Finally, after reviewing the parties' briefs and the affidavits filed by the individuals present at the settlement conference held on February 14, 2006, the Court does not find sufficient evidence of fraud or duress to warrant voiding the Settlement Agreement.

### III.    Conclusion

For the foregoing reasons, the Court denies Tea Garden's Motion for Relief from the February 14, 2006 Settlement Agreement.

                                              **ENTER:**

**DATED:**     November 29, 2007            _____/s/_____
                                                        RAYMOND L. FINCH
                                                        DISTRICT JUDGE